IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MID-CONTINENT CASUALTY          §
COMPANY,                        §
                                §
                Plaintiff,      §
                                § Civil Action No. 3:06-CV-1576-D
VS.                             § (Consolidated with
                                § No. 3:06-CV-1578-D)
ELAND ENERGY, INC., et al.,     §
                                §
                Defendants.     §

MEMORANDUM OPINION
AND ORDER

Defendants' motion for leave to deposit funds into court registry pursuant to Rule 67 presents the question whether the funds at issue are in dispute.  Concluding that they are, the court grants the motion.[1]

These consolidated cases involve an insurance dispute arising from an oil spill at defendant Sundown Energy LP's ("Sundown's") Port Sulphur, Louisiana facility caused by Hurricane Katrina. Sundown was insured under a $1 million primary policy and a $5 million excess insurance policy by plaintiff Mid-Continent Casualty Company ("Mid-Continent").[2]  Mid-Continent has tendered to Sundown

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]Defendant Eland Energy, Inc. was also insured under the policies.

two checks in the total sum of $6 million, representing the limits of the two policies.

Sundown has undertaken clean-up activities arising from the oil spill.  Additionally, five spill-related lawsuits (including three class actions) have been filed against Sundown.  Sundown maintains for various reasons that Mid-Continent may not be liable at all under the policies or may not be obligated to pay the entire policy limits of $6 million.  But it also asserts that Mid-Continent may be obligated to provide Sundown a defense in the pending lawsuits and may be liable for mishandling Sundown's insurance claims.  Sundown posits that Mid-Continent's tender of the insurance proceeds is premature and is an attempt to avoid its duty to defend.  It also asserts various substantive reasons why it does not desire to cash the checks, and it complains that Mid-Continent will not agree to a procedure that would allow the funds to be deposited in an interest-bearing account without compromising the parties' respective legal positions.  Consequently, Sundown moves under Fed. R. Civ. P. 67 for leave to deposit the checks with the court.

Mid-Continent opposes the motion, contending the $6 million is Sundown's, that it does not owe Sundown a defense, and that the funds are not in dispute, as required under Rule 67.  It maintains, *inter alia*, that it seeks a declaratory judgment, not relief of the type Rule 67 requires, and that Sundown does not seek the required

- 2 -

relief under its claims against Mid-Continent.  The question the court must decide is whether the sum of $6 million is in dispute.

Rule 67 provides:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.  The party making the deposit shall serve the order permitting deposit on the clerk of the court. Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28, U.S.C., §§ 2041, and 2042; the Act of June 26, 1934, c. 756, § 23, as amended (48 Stat. 1236, 58 Stat. 845), U.S.C., Title 31, § 725v; or any like statute. The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.

"The purpose of Rule 67 is 'to relieve the depositor of responsibility for a fund in dispute,' such as in an interpleader action." *Gulf States Utils. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987) (quoting 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2991 (1st ed. 1973)).

Although the parties have not cited, and the court has not located, a case that addresses the precise factual scenario presented by defendants' motion——or even one that is somewhat close——it is clear that the sum of $6 million is in dispute in this case.  Mid-Continent argues that the money is Sundown's and that

Mid-Continent is not liable to Sundown for any further sums, or obligated to tender a defense, under the terms of the two insurance policies.   Sundown maintains that Mid-Continent may have other obligations to it, such as a duty to defend it in the pending litigation, but it also posits that Sundown may be able to recover its clean-up costs from the Oil Spill Liability Trust Fund, in which case some or all of the $6 million may be Mid-Continent's. The sum is therefore in dispute.

In *Gulf States Utilities* the reverse of this situation was presented.   A plaintiff obtained leave under Rule 67 to make payments into the court registry when it claimed that it did not owe the payments because the contract that required them should be set aside.   The Fifth Circuit held that the district court did not abuse its discretion by accepting the deposits.   *Gulf States Utils. Co.*, 824 F.2d at 1475.   The depositing party contended it did not owe the deposited money.   The opposing party argued that it did owe the money.   "Thus, the funds genuinely [were] in dispute."   *Id.*   In the present case, of course, the depositor——Mid-Continent——contends that it may not be entitled to the money rather than that it may not owe the money.   But for the purpose of deciding whether the $6 million in funds are in dispute, the informing principle is the same as in *Gulf States Utilities*.   Sundown contends that it may not be entitled to some of the funds, and Mid-Continent argues that all the money is Sundown's.   While the court recognizes there are cases

- 4 -

that have denied Rule 67 motions where the funds were not in dispute, *e.g., Prudential Insurance Co. of America v. BMC Industries, Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y 1986), they are factually distinguishable.

Accordingly, defendants' December 6, 2006 motion for leave to deposit funds into court registry pursuant to Rule 67 is granted. Sundown may deposit into the registry of the court the two checks totaling $6 million.

**SO ORDERED**.

January 16, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE